25-2710
*Corsini, et al. v. Reich, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-six.

Present:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

FRANK CORSINI, LIBERTY-CITIC ENERGY CAYMAN LTD., LIBERTY ECO ENERGY LLC,

*Plaintiffs-Appellants*,

v. 25-2710

EDWARD J. REICH, JEFFREY S. GERON, BOIES SCHILLER FLEXNER LLP, DENTONS US LLP,

*Defendants-Appellees.*[*]

---

FOR PLAINTIFFS-APPELLANTS: PAUL BATISTA, Paul Batista, PC, New York, N.Y.

FOR DEFENDANTS-APPELLEES: HOWARD I. ELMAN, Elman Freiberg PLLC, New York, N.Y., *for Edward J. Reich, Jeffrey S. Geron, Dentons US LLP.*

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

ERIC J. BRENNER, Boies Schiller Flexner LLP, New York, N.Y., *for Boies Schiller Flexner LLP.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants sued their former attorneys, alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and New York state law. They alleged that Defendants "fraudulently schemed" to litigate a meritless contract claim on Plaintiffs' behalf in an international arbitration to "extort legal fees, funds, and other compensation." App'x at 32-33 ¶¶ 105, 108. The district court dismissed the complaint with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal for failure to state a claim, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Sonterra Cap. Master Fund, Ltd. v. UBS AG*, 152 F.4th 404, 409 (2d Cir. 2025) (cleaned up). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged and establishes more than a sheer possibility that a defendant has acted unlawfully." *Sonterra Cap.*, 152 F.4th at 409 (cleaned up).

"To establish a RICO claim, a plaintiff must show: (1) a violation of 18 U.S.C. § [1962];

2

(2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (cleaned up). "To establish . . . a violation [of 18 U.S.C. § 1962], a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* (cleaned up). "Racketeering activity is defined to include any act indictable under various specified federal statutes, including the mail and wire fraud statutes and the obstruction of justice statute." *Id.* (cleaned up); *see* 18 U.S.C. § 1961(1) (defining "racketeering activity"). Racketeering activity also includes "any act or threat involving . . . extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year[.]" 18 U.S.C. § 1961(1)(A).

The district court correctly determined that Plaintiffs did not adequately allege any racketeering activity as required to state a RICO claim. Plaintiffs alleged eight predicate offenses, including obstruction of justice in violation of 18 U.S.C. § 1503, mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, and extortion in violation of New York Penal Law § 155.05(2)(e). Apart from the extortion claim, each of the alleged predicate offenses was based on Defendants' alleged litigation conduct—*i.e.*, making false representations before an arbitral tribunal and causing funds to be transmitted in connection with that litigation. The district court thus correctly concluded that Plaintiffs' litigation-based claims were inadequate because "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim*, 884 F.3d at 104; *see also Dees v. Knox*, No. 24-1574, 2025 WL 485019, at *2 (2d Cir. Feb. 13, 2025) (concluding that RICO claims that "rel[ied] exclusively on allegations of fraudulent activities directly related to the initiation or continuance of legal proceedings" were barred under *Kim*). The district court also correctly concluded that Plaintiffs failed adequately to plead extortion under New York law because they did not allege that Defendants obtained any property from them. *See* N.Y. Penal Law § 155.05(2)(e); *United States*

3

*v. Delano*, 55 F.3d 720, 726-27 (2d Cir. 1995) ("[L]arceny by extortion requires the particular element of forcing a person to surrender property."). Plaintiffs thus failed adequately to plead any racketeering activity, so their RICO claims were properly dismissed under Rule 12(b)(6).

With respect to their state-law claims, Plaintiffs argue only that the district court should not have exercised its supplemental jurisdiction to dismiss them with prejudice. But in the district court, Plaintiffs argued the opposite. *See* App'x at 380-81 ("In addition to the federal question jurisdictional basis of this action contained in the RICO counts, this Court also has supplemental jurisdiction."). Having invited the district court to exercise its supplemental jurisdiction and evaluate the merits of their state-law claims, Plaintiffs waived their present challenge, so we are precluded from reviewing it. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72-73 (2013) (concluding that the Court was "prevent[ed] . . . from reaching" respondent's argument that his claim was not moot because, by conceding in the district court that his claim was moot, he waived the contrary argument); *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 187 (2d Cir. 2026) (defining waiver as "the intentional relinquishment or abandonment of a known right" and noting that this Court lacks discretion to review a waived claim). Plaintiffs do not challenge the district court's dismissal of their state-law claims on the merits.

*     *     *

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4